ORIGINAL
FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 OCT 26 AM 10: 53
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| REBA MAE WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-154 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Reba Mae Walker ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") payments under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I. BACKGROUND

Based upon claims of disability dating back to June 19, 2002, Plaintiff applied for SSI in October of 2003, with a protective filing date of October 15, 2003. Tr. ("R."), pp. 70, 80. The Social Security Administration denied Plaintiff's original claim and her request for reconsideration. R. 30-33, 36-39. Plaintiff then requested a hearing before an Administra-

tive Law Judge ("ALJ"). R. 40-41. Represented by counsel, Plaintiff appeared and testified at a hearing on January 23, 2006. R. 380-411. At a supplemental hearing held on May 18, 2006, the ALJ heard testimony from a Vocational Expert. R. 412-20. The ALJ then issued an unfavorable decision dated July 26, 2006. R. 9-20.

Applying the sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since June 19, 2002, the alleged onset date (20 CFR §§ 416.920(b) and 416.971 *et seq.*).

2. The claimant has the following severe impairments: post-traumatic stress disorder and major depressive disorder [low GAF scores in 2004, but GAF scores between 60-70 with "stable" impairments in 2005]; mild retrolisthesis at L5-S1, mild disc disease at C5-6 and C6-7; asthma; and polysubstance dependence (20 CFR § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity as follows: lift/carry 25 pounds frequently and 50 pounds occasionally; stand/walk up to 6 hours in an 8-hour workday; sit up to 6 hours in an 8-hour work day; can frequently climb ramps and stairs but occasionally climb ladders; and should avoid concentrated exposure to chemical[s], dust, fumes, and smoke. She is slightly to moderately limited in using judgment and making work decisions and in adapting appropriately to stress and changes; and she is markedly limited in her ability to understand, remember and carry out detailed and complex instructions.[1] The claimant's past relevant work as a production assembler does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR § 416.965).

---

[1] According to the ALJ, "slight-moderate = minimal limitation with adequate ability to perform; marked = inability to perform." R. 17

2

R. 13, 17, 19-20. Because the ALJ determined that Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded that Plaintiff "has not been under a 'disability,' as defined in the Social Security Act, since October 15, 2003 (20 CFR § 416.920(f)), the date the application was filed." R. 20.

When the Appeals Council ("AC") denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. R. 5-7. Having failed to convince the AC to review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal or remand of that adverse decision. Plaintiff now argues that the ALJ erred in failing (1) to grant a closed period of disability, (2) to articulate a finding about the opinion of a treating physician, and, (3) to address the findings of the State Agency psychologists.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence

3

supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Because Plaintiff's allegation of error regarding the treatment of the opinion of a treating physician, John Blumer, M.D., is dispositive of the case, the Court will focus its attention on this issue.[2] Plaintiff argues that the case should be remanded because the ALJ erred by failing to "articulate a finding about the opinion" of Dr. Blumer. Pl.'s Br., p. 15. The Commissioner concedes this point but nonetheless tries to minimize the problem by falling back on a post-hoc review of the administrative record. Comm'r Br., p. 14. Specifically, the Commissioner states, "In this matter . . . the ALJ's lack of discussion of Dr. Blumer's opinion, <u>while in error</u>, is not fatal to the decision and constitutes harmless error." Id. (emphasis added). Plaintiff has the better argument.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (ruling that ALJ must accord substantial or considerable weight to opinion of treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (*per curiam*) (same). The

---

[2]The Commissioner does not dispute Dr. Blumer's treating physician status. Comm'r Br., p. 13.

Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991).

Here, as noted above, the Commissioner concedes that the ALJ erred in failing to address the opinion of Dr. Blumer. However, relying on Nyberg v. Comm'r of Soc. Sec., 179 Fed. Appx. 589 (11th Cir. May 2, 2006), the Commissioner argues that there "seems" to be an exception to the reversible error rule to be applied when an ALJ fails to properly address a treating physician's opinion. Comm'r Br., p. 15. According to the Commissioner, if it can be shown that the opinion of a treating physician that was not discussed "is so patently deficient" that it could not possibly be credited, then reversible error might not exist. Id. (emphasis added) (citing Nyberg, 179 Fed. Appx. at 592 n.5). However, despite the Commissioner's tentative endorsement of a possible harmless error exception noted in a footnote of an unpublished opinion, the Court declines the invitation to excuse as harmless the admitted error of the ALJ in not addressing the opinion of Dr. Blumer.

Both sides in this case agree that the ALJ erred in failing to address Dr. Blumer's opinion, which was undoubtedly part of the administrative record. Moreover, this is not a case where Dr. Blumer's opinion was unnecessary because the opinion merely supported the ALJ's conclusion. Cf. Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 547 (6th Cir. 2004). To the contrary, the parties disagree not only as to the validity of Dr. Blumer's opinion, but

6

also as to its importance to the finding that Plaintiff was not disabled as defined in the Social Security Act. For example, the parties argue about the validity of Dr. Blumer's opinion concerning Plaintiff's ability to stand for 30 minutes at a time. Cf. Pl.'s Br., p. 15 with Comm'r Br., pp. 14-15 with Pl.'s Supp. Br., p. 6. They also argue about the level of normalcy or abnormality of a degree of range of motion that falls within a "normal range" of readings, as those findings relate to whether Plaintiff can perform her past relevant work as determined by the ALJ. Cf. Pl.'s Supp. Br., pp. 4-5 with Comm'r Br., p. 14 & n.14 (both citing R. 197-98).[3] Thus, the Court cannot determine whether the failure to address Dr. Blumer's opinion was harmless error without re-weighing the evidence and speculating on the possible importance of Dr. Blumer's opinion in light of the other factors upon which the ALJ relied to reach his decision. However, this Court cannot now engage in an administrative review that was not done in the first instance by the Commissioner via the ALJ. Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). Indeed, as noted above, the Court's "limited review [of the record] precludes deciding the facts anew, making credibility determinations, or re-weighing the

---

[3] Dr. Blumer completed a Range of Motion report which compares a normal range of readings for range of motion with Plaintiff's actual range of motion. R. 197-98. Without the benefit of a medical explanation in the record, the parties dispute whether there is abnormality with a range of motion reading that falls below the top measurement but within the listed range, i.e., is a range of motion of 30 degrees for flexion of the neck "normal" when the "normal range" is 0 to 50 degrees? In light of the lack of medical explanation about these range of motion numbers and the fact that the case should be remanded for an appropriate discussion of Dr. Blumer's opinion in the first instance by the ALJ, the Court declines the invitation to weigh in on the normalcy or abnormality of Plaintiff's range of motion numbers.

evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*) (citing Bloodsworth, 703 F.2d at 1239).

In sum, the ALJ failed to properly address Dr. Blumer's opinion. The ALJ did not indicate the impact of this treating physician's opinion on the ultimate conclusion on Plaintiff's residual functional capacity, and the Court cannot now excuse this admitted error as harmless based on the Commissioner's post-hoc assessment of the record. See Wiggins, 679 F.2d at 1390 (remanding where the ALJ failed to mention the claimant's treating physician and the court could not "determine whether the ALJ applied the proper legal standard and gave the treating physician's evidence substantial or considerable weight or found good cause not to do so"); see also Mills v. Astrue, 226 Fed. Appx. 926, 932 (11th Cir. Apr. 3, 2007) (*per curiam*) ("A court cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely." (citation omitted)). The Court is mindful of the difficulties of evaluating a claimant's impairments and weighing the medical opinions that appear in an administrative record. Nonetheless, the law requires the Commissioner to provide a well-reasoned, well-articulated decision. Without such an analysis, the federal courts are unable to provide claimants with sound, meaningful review of the administrative decision. The ALJ in this case undoubtedly failed to address Dr. Blumer's opinion, let alone assign a weight to, or provide an explanation to

discredit, the opinion. Accordingly, this case should be remanded for proper consideration, in the first instance at the administrative level of review, of Dr. Blumer's opinion.[4]

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 26th day of October, 2007, at Augusta, Georgia.

*[signature]*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]Of course, on remand the opinions of the State Agency psychologists must also be addressed. According to Social Security Ruling 96-6p, findings of fact made by State Agency medical and psychological consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. Although ALJs are not bound by the findings of state agency doctors, "they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p. This responsibility to address the opinions of state agency doctors is also codified at 20 C.F.R. § 416.927(f)(2)(i).

Likewise, on remand, Plaintiff's Global Assessment Functioning ("GAF") scores will be at issue in light of the entirety of the record evidence. Because it is not clear what impact the appropriate treatment of the opinions of Dr. Blumer and the State Agency doctors may have on the ultimate disability determination in this case, the Court need not finally resolve the issue of whether's Plaintiff's GAF scores require an award of a closed period of disability based on mental impairments. However, the Court notes that the ALJ is entitled to consider other factors in combination with low GAF scores to determine whether Plaintiff is entitled to disability benefits in light of any mental impairments. Magill v. Comm'r of Soc. Sec., 147 Fed. Appx. 92, 94-95 (11th Cir. Aug. 29, 2005) (*per curiam*).